SEYFARTH SHAW LLP
Dana L. Peterson (SBN 178499)
dpeterson@seyfarth.com
Myra Villamor (SBN 232912)
mvillamor@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
CHANEL, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN SZYMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHANEL, INC., a New York Corporation and DOES 1 through 60, inclusive,<br><br>Defendants. | Case No. **2:17-cv-1671**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO DIVERSITY OF CITIZENSHIP JURISDICTION [28 U.S.C. SECTIONS 1332 AND 1441]**<br><br>L.A.S.C. Case No. BC647777<br><br>Complaint Filed: January 25, 2017<br>Trial Date: Not Set<br>Discovery Cutoff: Not Set<br>Motion Cutoff: Not Set |

# TABLE OF CONTENTS

**Page**

TIMELINESS OF REMOVAL ........ 1
DIVERSITY OF CITIZENSHIP ........ 2
DIVERSITY JURISDICTION ........ 3
AMOUNT IN CONTROVERSY ........ 4
VENUE ........ 12
NOTICE OF REMOVAL ........ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Angus v. Shiley Inc.*,
989 F.2d 142 (3d Cir. 1993) .......... 4

*Burns v. Windsor Ins. Co.*,
31 F.3d 1092 (11th Cir. 1994) .......... 4

*Cohn v. Petsmart, Inc.*,
281 F.3d 837 (9th Cir. 2002) .......... 4

*Davenport v. Mutual Ben. Health & Acc. Ass'n*,
325 F.2d 785 (9th Cir. 1963) .......... 10

*Emrich v. Touche Ross & Co.*,
846 F.2d 1190 (9th Cir. 1988) .......... 3

*Fristoe v. Reynolds Metals Co.*,
615 F.2d 1209 (9th Cir. 1980) .......... 3

*Galt G/S v. JSS Scandinavia*,
142 F.3d 1150 (9th Cir. 1998) .......... 4, 9

*Hunt v. Washington State Apple Advertising Comm'n*,
432 U.S. 333 (1977) .......... 3

*Jadwin v. County of Kern*,
2009 WL 2837507 (E.D. Cal.) .......... 7

*Kantor v. Wellesley Galleries, Ltd.*,
704 F.2d 1088 (9th Cir. 1983) .......... 2

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
199 F.Supp.2nd 993, 1001 (C.D. Cal. 2002) .......... 4

*Landau v. County of Riverside*,
2010 WL 1648442 (C.D. Cal.) .......... 6

*Leuzinger v. County of Lake*,
2007 WL 3022455 (N.D. Cal.) .......... 7

*Lew v. Moss*,
797 F.2d 747 (9th Cir. 1986) .......... 2

*Malone v. Potter*,
2010 WL 330252 (C.D. Cal.) .......... 7

*Martin v. Arrow Electronics*,
2006 WL 2044626 (C.D. Cal) .......... 7

*Peacock v. Quest Diagnostics*, 2010 WL 6806990 (C.D. Cal.) .......... 6

*Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856 (9th Cir. 1996) .......... 4

*State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003) .......... 10

*State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514 (10th Cir. 1994) .......... 2

*Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004) .......... 4

*Vaughn v. CNA Casualty of California*, 2008 WL 4056256 (C.D. Cal.) .......... 7, 8

**California Cases**

*Horsford v. Board of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359 (2005) .......... 9

*Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405 (2000) .......... 10

*Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) .......... 11

**Federal Statutes**

28 U.S.C.
- § 1332 .......... 1
- § 1332(a) .......... 3
- § 1332(a)(1) .......... 11
- § 1332(c) .......... 2
- § 1332(c)(1) .......... 2
- § 1391(b) .......... 11
- § 1441 .......... 1
- § 1441(a) .......... 3, 11
- § 1446 .......... 1
- § 1446(a) .......... 11
- § 1446(b)(3) .......... 1

**California Statutes**

California Fair Employment and Housing Act .......... 1, 9

California Government Code § 12965(b) .......... 9

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Chanel, Inc. ("Chanel" or "Defendant") hereby files this Notice of Removal under 28 U.S.C. §§ 1441 and 1446, asserting diversity jurisdiction under 28 U.S.C. § 1332, to effect the removal of the above-captioned action, which was originally commenced in the Superior Court of the State of California for the County of Los Angeles. This Court has diversity jurisdiction for the following reasons:

**TIMELINESS OF REMOVAL**

1. On or about January 25, 2017, Plaintiff Carolyn Szyman ("Plaintiff") filed a Complaint against Defendant in the Superior Court of the State of California, County of Los Angeles ("State Court"), Case No. BC647777(the "Complaint"). This Complaint alleged causes of action for discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); failure to engage in the interactive process in violation of FEHA; failure to accommodate disability in violation of FEHA; failure to take all reasonable steps to prevent discrimination and retaliation; retaliation in violation of FEHA; and wrongful termination in violation of public policy. A true and correct copy of the Complaint is attached hereto as Exhibit 1.

2. Defendant was served with a copy of the Complaint from the State Court on January 30, 2017. This Notice of Removal is timely because it is filed within 30 days of Defendant's receipt of the Complaint, from which it was first ascertainable that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3).

## DIVERSITY OF CITIZENSHIP

3. Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

4. Defendant is informed and believes, that Plaintiff is, and was at all times relevant hereto, a citizen and resident of the State of California. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is *prima facie* evidence of her domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). "Plaintiff CAROLYN SZYMAN is, and at all material times was, an individual residing in the County of Los Angeles, State of California." (Complaint, ¶ 1.) Plaintiff's employment records show that her residential address, as reported by Plaintiff to her employer, is in California. (Declaration of Kelly Tachdjian ["Tachdjian Decl."] ¶ 2.) During the entire course of Plaintiff's employment with Defendant, Plaintiff's employment records reflected her residential address as located in California. (Tachdjian Decl. ¶ 2.) Plaintiff was employed by Defendant in its store in Beverly Hills, California. (Tachdjian Decl. ¶ 2.)

5. These facts establish that Plaintiff is domiciled in, and for the purposes of diversity jurisdiction, is a citizen of the State of California. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (objective facts that can establish a Plaintiff's state of domicile include, but are not limited to, location of real property, place of employment, and payment of taxes).

6. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business …" Defendant is now, and ever since this action commenced has been, incorporated under the laws of the State of New York, with its principal place of business in the state of New York. (Tachdjian Decl., ¶ 4.)

Therefore, Defendant is a citizen of the State of New York for purposes of establishing diversity jurisdiction.

## DIVERSITY JURISDICTION

7. Diversity jurisdiction exists when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977).

8. As further detailed below, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of seventy-five thousand dollars ($75,000).

9. Plaintiff seeks substantial economic damages and other employment benefits, emotional distress damages, exemplary and punitive damages, and attorney's fees and costs, in an amount according to proof. (Complaint, Prayer for Relief at pp. 15-16.)

10. The citizenship of the fictitious defendants, Does 1 through 60, may be disregarded pursuant to 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded"). *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); *see also*, *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988) (doe defendants need not join in removal)

11. Since diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy is in excess of $75,000 for Plaintiff, based on the allegations, claims and prayer for relief set forth in the Complaint, this Court has proper jurisdiction under 28 U.S.C. § 1441(a).

**AMOUNT IN CONTROVERSY**

12. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount in controversy exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co*., 95 F.3d 856, 862 (9th Cir. 1996). The amount in controversy for Plaintiff exceeds the sum of $75,000, exclusive of interest and costs. As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition).

13. **Damages.** In determining whether the amount in controversy exceeds $75,000, the Court must presume Plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2nd 993, 1001 (C.D. Cal. 2002), *citing*, *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1, (9th Cir. 2002).

14. In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if Plaintiff

prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

15. **Plaintiff's Annual Income Establishes The Amount In Controversy.** Plaintiff alleges Defendant retaliated against her and wrongfully terminated her employment in April 2016. (Complaint, ¶¶ 3, 23-54.) Plaintiff's compensation was 100% commissions based, and she was eligible for an annual discretionary bonus based on individual and company performance. Plaintiff earned $105,412.12 in 2013, $109,647.52 in 2014, and $57,069.07 during the first three months of 2015. (Tachdjian Decl., ¶ 3.) Assuming Plaintiff's case resolves two years after the date of filing of the notice of removal on March 1, 2017, and assuming Plaintiff would have been able to continue earning a similar rate of pay as her past earnings from 2013 to 2015, Defendant may owe Plaintiff well over $75,000 in back pay alone.

16. **Plaintiff's Settlement Demand Establishes The Amount In Controversy.** On July 26, 2016, Plaintiff communicated to Defendant her offer to settle for $285,000 via an email from her counsel. As a threshold matter, it is well settled that settlement letters are not protected by California Evidence Code §§ 1119, 1152, or 1154 for purposes of removal. *See, e.g., Babasa v. LensCrafters*, 498 F.3d 972, 975 (9th Cir. 2007) ("Thus, even if the California mediation privilege applied to the [settlement letter] … it would not preclude a determination that the [settlement letter] constituted § 1446(b) notice for purposes of removal to federal court"). Similarly, correspondence prepared as part of a settlement demand is not protected by Federal Rule of Evidence § 408. *See e.g., Munoz v. J.C. Penney Corp., Inc.*, 2009 WL 975846 at *3 (C.D. Cal. Apr. 9, 2009) ("[W]here [settlement] statements are used simply to show that the amount in controversy is met, courts have held that [Federal Rule of Evidence] 408 is not offended").

17. Such settlement communications may be used as relevant evidence as to the amount in controversy. *See, e.g., Erazo v. Millard Mall Services, Inc.*, 2014 WL 2547609 (C.D. Cal. June 5, 2014) (denying motion to remand after removal that included plaintiff's settlement demand of $275,000 and noting, "a settlement demand may be relevant evidence as to the amount in controversy if it reflects a reasonable estimate of the plaintiff's claim") (citing *Cohn v. PetSmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)); *Foltz v. Integon Nat. Ins. Co.*, 2014 WL 4960765, at *5 (E.D. Cal. Oct. 2, 2014) ("settlement offer is relevant tangible evidence of the amount in controversy in the case").

18. Plaintiff's settlement demand of over $75,000 reflects Plaintiff's reasonable estimate of her claims, including lost wages, emotional distress, and punitive damages and is, therefore, relevant evidence as to the amount in controversy. Thus, Plaintiff's settlement demand of $285,000 undisputedly establishes that the amount in controversy exceeds $75,000.

19. **The Claims In The Complaint Also Establish The Amount In Controversy.** Should Plaintiff prevail at trial, it is more likely than not that she would recover over $75,000 in damages as there have been, in recent years, several verdicts in disability discrimination cases entered in favor of plaintiffs in California where the awarded damages exceeded $75,000. *See Salinda v. DIRECTV Inc.*, 2013 WL 5944203 (Los Angeles Sup. Ct.) ($1,178,341 awarded to employee for disability discrimination, failure to prevent discrimination/retaliation, and failure to engage in the interactive process); *Bisharat v. Los Angeles Unified School District*, 2013 WL 1415554 (Los Angeles Sup. Ct.) ($473,750 jury verdict awarded to employee alleging disability discrimination, failure to prevent discrimination, failure to accommodate, failure to engage in the interactive process, and constructive discharge); *Izaguirre v. International Coffee & Tea LLC*, 2013 WL 6624243 (Los Angeles Sup. Ct.) ($125,000 awarded to employee alleging

disability discrimination, failure to accommodate, and wrongful termination); *Kivman v. Worldwide Aeros Corp.*, 2013 WL 3340152 (Los Angeles Sup. Ct.) ($486,511 awarded to employee alleging disability discrimination, failure to accommodate, and wrongful termination); *Jolly v. City of Long Beach*, 2013 WL 3340512 (Los Angeles Sup. Ct.) ($325,000 awarded to employee alleging disability and age discrimination, retaliation, failure to engage in interactive process, failure to prevent discrimination/harassment, and constructive discharge); *Palma v. Rite Aid Corp.*, 2012 WL 3164628 (L.A. County Sup. Ct.) (award of $3,522, 070 to employee who was terminated after taking medical leaves in disability discrimination action); *Sun v. Transit Air Cargo, Inc.*, 2012 WL 962915, 2012 WL 933613 (Orange County Sup. Ct.) (award of $75,290 to employee in disability discrimination and violation of California Family Rights Act action); *Dickinson v. Allstate Insurance Company*, 2011 WL 4048838 (Orange County Sup. Ct.) (award of $341,322 to employee in disability discrimination action); *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.) (award of $500,000 to employee in disability action); *Vanderheiden v. City of Alameda*, 2011 WL 1562075 (Alameda County Sup. Ct.) (award of $680,182 to employee in disability discrimination action); *Peacock v. Quest Diagnostics*, 2010 WL 6806990 (C.D. Cal.) (award of $229,638 to employee for discriminatory termination in violation of the California Family Rights Act); *Li v. Wyndham Vacation Ownership, Inc.*, 2010 WL 4111579 (Contra Costa County Sup. Ct.) ($346,000 jury verdict awarded to employee who was demoted and replaced, and who ultimately resigned after going on medical leave); *Landau v. County of Riverside*, 2010 WL 1648442 (C.D. Cal.) (award of $1,033,500 to employee who brought action against employer based disability discrimination and failure to accommodate); *Dodd v. Haight Brown & Bonesteel LLP*, 2010 WL 4845808 (L.A. County Sup. Ct.) (award of $410,520 to employee wrongfully terminated based on

disability and medical condition); *Ybarra v. Dacor Holding Inc.*, 2010 WL 2404221 (L.A. County Sup. Ct.) (award of $615,236 to employee in disability discrimination and wrongful termination action); *Malone v. Potter*, 2010 WL 330252 (C.D. Cal.) (award of $300,000 to employee in disability discrimination and retaliation action); *Jadwin v. County of Kern*, 2009 WL 2837507 (E.D. Cal.) (award of $505,457 to employee disability discrimination and violation of California Family Rights Act action); *Sun v. Toyota Motor Corp.*, 2009 WL 998964 (L.A. County Sup. Ct.) (jury verdict of $2,812,000 awarded to employee in pregnancy discrimination action); *Morales v. L.A. County Metro. Transp. Auth.*, 2008 WL 4488427 (L.A. County Sup. Ct.) (award of $2,247,137 to employee terminated due to disability); *Ismen v. Beverly Hospital*, 2008 WL 4056258 (L.A. County Sup. Ct.) (award of $1,180,164 in disability discrimination and failure to accommodate action where employee lost her position after suffering on the job injury); *Kolas v. Alticor Inc.*, 2008 WL 6040410 (L.A. County Sup. Ct.) (award of $600,000 to employee claiming wrongful termination and disability and age discrimination); *Vaughn v. CNA Casualty of California*, 2008 WL 4056256 (C.D. Cal.) (award of $850,000 to employee in disability discrimination action); *Cosby v. City of Orange*, 2008 WL 2101526 (Orange County Sup. Ct.) (jury verdict awarding $216,575 where employee was terminated upon returning from protected medical leave); *Leuzinger v. County of Lake*, 2007 WL 3022455 (N.D. Cal.) (jury verdict awarding employee $1,679,001 in disability discrimination and failure to accommodate action); *Orue v. Sears, Roebuck & Co.*, 2007 WL 2456108 (L.A. County Sup. Ct.) (award of $173,056 to employee who brought action based on disability and age discrimination against employer who wrongfully terminated her); *Martin v. Arrow Electronics*, 2006 WL 2044626 (C.D. Cal) (award of $380,306 to employee who was wrongfully terminated based upon the disabilities he developed during his employment); *Shay v. TG Construction, Inc.*, 2002 WL

1918045 (Ventura County Sup. Ct.) (award of $462,500 to employee wrongfully terminated on basis of disability); *Quiroz v. Ralphs Grocery Company*, 2012 WL 3745798 (Los Angeles Sup. Ct.) (award of $490,356 to employee alleging disability discrimination, failure to accommodate, and wrongful termination); *Siglin v. Carden Whittier School Inc.*, 2012 WL 1798892 (Los Angeles Sup. Ct.) ($323,985 awarded to employee alleging disability discrimination and wrongful termination); *Polk v. Metropolitan Transportation Authority*, 2012 WL 597843 (Los Angeles Sup. Ct.) ($250,000 awarded to employee alleging failure to engage in the interactive process).

20. Plaintiff's allegations that she was discriminated against and terminated because of a disability are similar to the issues in these cases. Defendant has attached these verdicts as Exhibit A to the concurrently filed Declaration of Myra B. Villamor for the Court's review.

21. **Emotional Distress Damages.** Plaintiff also claims damages for emotional distress. *See* Exhibit 1, Complaint ¶¶29, 40, 50, 60, 71, & 85. A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases commonly exceed $75,000. *See Betson v. Rite Aid Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.) (pain and suffering award of $500,000 to employee in disability harassment action); *Vaughn v. CNA Casualty of California*, 2008 WL 4056256 (C.D. Cal.) (award of $300,000 in past and future non-economic loss to employee in disability discrimination action); *Ismen v. Beverly Hospital*, 2008 WL 4056258 (L.A. County Sup. Ct.) (jury award of $113,000 for emotional distress due in a disability discrimination and failure to accommodate action); *Christle v. City of Los Angeles*, 2007 WL 4624405 (L.A. County Sup. Ct.) (award of $804,760 in non-economic damages in retaliation case); *Mnaskanian v. 21st Century Ins. Co.*, 2006 WL 2044625 (L.A. County Sup. Ct.) (jury award of $300,000 in non-economic damages for employee denied

reinstatement despite request for reasonable accommodation for disability); *Miller v. Lockheed Martin*, 2005 WL 4126684 (Los Angeles County Sup. Ct.) (jury award of $300,000 in non-economic damages for employee terminated after requesting accommodation for disability); *Cal. Dep't of Fair Employment and Housing v. County of Riverside*, 2003 WL 24304125 (Riverside County Sup. Ct.) (jury awarded $300,000 for emotional distress damages in an alleged failure to accommodate and disability discrimination case).

22. Plaintiff's allegations that she was discriminated against and discharged because of a disability and suffered emotional distress are similar to the issues in these cases. Defendant has attached these verdicts as Exhibit B to the concurrently filed Declaration of Myra B. Villamor for the Court's review.

23. **Attorneys' Fees and Costs.** Plaintiff also claims that she is entitled to attorneys' fees and costs. *See* Exhibit 1, Complaint ¶¶ 33, 44, 54, 64, 74; and Prayer for Relief, p. 15. Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in Fair Employment and Housing Act actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Board of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005).

24. Courts have also awarded far in excess of $75,000 in attorneys' fees in cases involving disability discrimination. *See, e.g., Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award

of $159,762.50 in alleged disability discrimination and failure to accommodate case); *Davis v. Robert Bosch Tool Corp.*, 2007 WL 2014301, *9 (Cal. Ct. App. 2d Dist. July 13, 2007) (individual plaintiff sought $1.6 million in fees); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorney's fees award of $490,000 for claims including disability discrimination and failure to accommodate). Defendant has attached these verdicts as Exhibit C to the concurrently filed Declaration of Myra B. Villamor for the Court's review.

25. Defendant anticipates depositions being taken in this case, and that ultimately Defendant will file a Motion for Summary Judgment. Based on defense counsel's experience, attorneys' fees in employment discrimination cases often exceed $75,000. In this regard, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial. Villamor Decl., ¶7.

26. **Punitive Damages.** Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see* Exhibit 1, Complaint ¶¶ 31-32, 42-43, 52-53, 62-63, 72-73, 87-88; and Prayer for Relief, p. 15.

27. Plaintiff's former employer, Defendant Chanel, Inc. is a large entity. The economic resources of the defendant and the amount of compensatory damages are two of three factors courts consider in arriving at punitive damage awards. *See, e.g., Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000). In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the Court held that: "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award …. That does not make its use [in determining the constitutionality of punitive damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for the failure of

other factors ….” (internal citations omitted). Therefore, the request for punitive damages weighs in favor of establishing the amount in controversy.

28. Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged disability discrimination cases. *See, e.g., Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1.9 million equal to the compensatory damage award was appropriate in disability case).

29. Based upon the allegations contained in Plaintiff's Complaint, Defendant is informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court. Since diversity of citizenship exists between the Plaintiff and Defendant and the matter in controversy between the parties is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1). This action is therefore a proper one for removal to this Court.

**VENUE**

30. Venue lies in the Central District of this Court pursuant to 28 U.S.C. §§ 1441(a) and 1391(b), because this action originally was filed in this district and this is the judicial district in which the action arose.

**NOTICE OF REMOVAL**

31. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

32. Defendant filed its initial Answer to Plaintiff's Complaint on February 28, 2017. A true and correct copy of the Answer is attached hereto as Exhibit 2.

33. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendant or filed by Defendant are attached hereto as the following exhibits:

Exhibit 1: Complaint and Civil Case Cover Sheet;

Exhibit 2: Defendant's Answer to Complaint.

WHEREFORE, Defendant requests that the above-action, pending before the Superior Court of the State of California for the County of Los Angeles, be removed to the United States District Court for the Central District of California.

DATED: March 1, 2017

By: */s/ Myra B. Villamor*
Dana L. Peterson
Myra B. Villamor
Attorneys for Defendant
CHANEL, INC.