Exhibit "**1**"

Exhibit "**1**"   Exhibit "**1**"   Exhibit "**1**"   Exhibit "**1**"   Exhibit "**1**"

1 | Douglas N. Silverstein, Esq. (SBN 181957)
2 | Michael G. Jacob, Esq. (SBN 229939)
KESLUK, SILVERSTEIN & JACOB, P.C.
3 | 9255 Sunset Blvd., Suite 411
Los Angeles, California 90069-3309
4 | Telephone: (310) 273-3180
Facsimile: (310) 273-6137
5 | dsilverstein@californialaborlawattorney.com
mjacob@californialaborlawattorney.com
6 |
7 | Attorneys for Plaintiff CAROLYN SZYMAN

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 2 5 2017

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Shanaya Bolden

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10 | CAROLYN SZYMAN, an individual,

CASE NO. **BC 647777**

11 | Plaintiff,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

12 | v.

13 | CHANEL, INC., a New York Corporation and DOES 1 through 60, inclusive,

1. Discrimination in Violation of FEHA;
2. Failure to Engage in the Interactive Process in Violation of FEHA;
3. Failure to Accommodate Disability in Violation of FEHA;
4. Failure to Take All Reasonable Steps to Prevent Discrimination and Retaliation;
5. Retaliation in Violation of FEHA; and
6. Wrongful Termination in Violation of Public Policy.

14 |

15 | Defendants.

16 |

17 |

18 | 32 Murphy

19 |

**PUNITIVE DAMAGES**

20 |

**DEMAND FOR JURY TRIAL**

21 |

**UNLIMITED JURISDICTION**

22 |

23 |

24 |

25 | Plaintiff CAROLYN SZYMAN ("Plaintiff") alleges as follows:

26 | 1. Plaintiff CAROLYN SZYMAN is, and at all material times was, an individual

27 | residing in the County of Los Angeles, State of California.

28 | ///

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

1
PLAINTIFF'S COMPLAINT FOR DAMAGES

RECEIPT #: CCH4680123
DATE PAID: 01/25/2017 03:53 PM
PAYMENT: $435.00
RECEIVED:
CHECK: $435.00
CASH: $0.00
CHANGE: $0.00
CARD: $0.00

CIT/CASE:
LEA/DEF#:
BC647777
310

01/25/2017

2.　　Defendant CHANEL, INC. ("Defendant" or, collectively with all defendants, "Defendants") is, and at all times relevant to this Complaint was, a New York corporation authorized to do business in the County of Los Angeles, State of California.

3.　　Plaintiff does not know the true names or capacities of the Defendants sued as DOES 1 through 60, inclusive. Thus, Plaintiff sues these Defendants under fictitious names. When their true names and capacities have been ascertained, Plaintiff will amend this Complaint. Plaintiff is informed and believes, and based thereon alleges, that the fictitiously named Defendants were the agents, servants, and employees of each of the named Defendants and, in doing the acts and things alleged, were at all times acting within the course and scope of that agency, servitude, and employment and with the permission, consent, and approval, or subsequent ratification, of each of the named Defendants. Reference to "Defendants" includes the named Defendant and the DOE Defendants.

4.　　Plaintiff is informed and believes, and based thereon alleges, that at all material times, each of the Defendants was the agent and/or employee of each of the remaining Defendants, and each of them, and was at all material times acting within the purpose and scope of such agency and employment.

5.　　Plaintiff is informed and believes, and based thereon alleges, that at all material times, one or more of each named and/or unnamed Defendants was in some fashion, by contract or otherwise, the predecessors, affiliates, alter egos, assigns, joint-venturers, co-venturers or partners of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting within that capacity.

6.　　Plaintiff is further informed and believes, and on that basis alleges that one or more of the remaining named and/or unnamed Defendants are the successors of one or more of the remaining named and/or unnamed Defendants. Such successors are liable for the occurrences, damages, and injuries alleged herein to the same extent its predecessors are liable for the alleged occurrences, damages and injuries.

///

///

Keslek, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

01/25/2017

7.     Plaintiff alleges that Defendants acted as the employers and/or joint employers of Plaintiff, and that they shared control of Plaintiff as an employee, either directly or indirectly. This control includes, but is not limited to, the authority to hire and fire, assign work tasks, engage in day-to-day supervision of employees, and controlling employee records.

8.     Plaintiff alleges that Defendants were the alter-egos of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining named and/or unnamed Defendants. Plaintiff alleges that Defendants were acting on behalf of each other in the establishment of, ratification of, and/or execution of the illegal practices and policies as set forth in this pleading. Plaintiff is further informed and believes, and thereon alleges that at all times relevant hereto Defendants had decision-making responsibility for, and establishment and execution of, illegal practices and policies for each other and are, therefore, liable on the causes of action herein.

9.     Plaintiff is further informed and believes, and on that basis alleges that Defendants failed to adhere to corporate and legal formalities. Plaintiff is informed and believes, and based thereon alleges, that at all material times, one or more of each unnamed Defendants was in some fashion, by statute, law or otherwise, the agent, agency, branch, department or the like of one or more of the remaining named and/or unnamed Defendants for the acts alleged herein and was acting within that capacity.

10.    Plaintiff is further informed and believes, and on that basis alleges that there exists such a unity of interest and ownership between Defendants that the individuality and separateness of those Defendants have ceased to exist. The business affairs of Defendants are, and at all times relevant hereto were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendants were used as mere shells and conduits for the conduct of certain of other Defendants' affairs. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff. Accordingly, Defendants constitute the alter egos of each other, and the fiction of their separate existence must be disregarded at law and in equity, because such

01/25/2017

Krahak, Silverstein & Jacob, P.C
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

3

Doc# 1 Page# 3 - Doc ID = 1680014160 - Doc Type = OTHER

1    disregard is necessary to avoid fraud and injustice to Plaintiff herein.

2        11.     All conditions precedent (exhaustion of administrative remedies) to jurisdiction

3    have been complied with. Plaintiff timely filed charges against Defendants with the California

4    Department of Fair Employment and Housing ("DFEH") and has received a "Right to Sue" notice

5    as to Defendants.

6

7                         **GENERAL ALLEGATIONS**

8        12.     Plaintiff worked for Defendant for over thirty (30) years as a Fashion Sales

9    Associate, having begun her employment in approximately March 1985.

10        13.     As a result of a workplace injury and disability, including a hip fracture, Plaintiff

11    needed accommodation, including a four (4) day work week.

12        14.     Despite the need for accommodation, Defendant subjected Plaintiff to adverse

13    employment action by forcing her to maintain a sales quota equal to sales associates that worked

14    greater hours per week.

15        15.     On or about September 8, 2015, Plaintiff complained about Defendant's negative

16    treatment of her as a result of her disability. Thomas Faust ("Faust"), Defendant's General

17    Manager, memorialized in an email that Plaintiff referenced her broken hip and complained that

18    Defendant was uncompassionate regarding her disability.

19        16.     Plaintiff continued to inform Defendant about her ongoing medical care due to her

20    disability, including on or about March 15, 2016 and requested reasonable accommodation. In

21    response, Defendant's Associate Director Samantha Petersen ("Petersen") wrote in an email on

22    March 15, 2016 that after Plaintiff indicated she should "take it easy today" and may need to

23    leave early, Ms. Petersen "asked her if she should be here..."

24        17.     Additionally, Defendant, including Faust, suggested that Plaintiff should resign.

25    On March 15, 2016, Faust indicated via email to Peterson that he told Plaintiff she should "take

26    control of the situation before it took control of her."

27    ///

28    ///

Keslek, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

4

PLAINTIFF'S COMPLAINT FOR DAMAGES

Doc# 1 Page# 4 - Doc ID = 1680014160 - Doc Type = OTHER

01/25/2017

●                    ●

1    18.    On or about April 2, 2016, Defendant terminated Plaintiff, motivated by her

2    increasing age (60), her disability, including a history and record of disability (including but not

3    limited to back and hip disabilities) as well as her protected leave and requested accommodation.

4    Plaintiff is informed and believes that Faust, Petersen, Christina Kooji ("Kooji", Human

5    Resources Associate Director), Hayley Kornbluh ("Kornbluh", Human Resource Manager), and

6    Kelly Tachdijian ("Tachdijian", Manager, Human Resources) participated in and/or ratified the

7    discriminatory conduct.

8    19.    Of note, Plaintiff was the oldest sales associate and, many associates who were

9    younger and failed to meet their quotas, were not targeted for termination.

10

11                              **FIRST CAUSE OF ACTION**

12                        **DISCRIMINATION IN VIOLATION OF FEHA**

13                         **(Against Defendant and DOES 1-10, inclusive)**

14    20.    As a separate and distinct cause of action, Plaintiff complains and realleges all the

15   allegations contained in this Complaint, and incorporates them by reference into this cause of

16   action as though fully set forth herein, excepting those allegations which are inconsistent with this

17   cause of action.

18    21.    At all times mentioned in this Complaint, the California Fair Employment and

19   Housing Act ("FEHA"), *Government Code* §§ 12940 *et seq.*, was in full force and effect and was

20   binding on Defendants, and each of them. These sections required Defendants, and each of them,

21   to refrain from discriminating against Plaintiff on the basis of her disability and/or age.

22    22.    Prior to her termination, Plaintiff was limited in major life activities including

23   working. Nevertheless, she could perform the essential functions of her position with or without

24   a reasonable accommodation. As such, Plaintiff was a qualified disabled person within the

25   meaning of FEHA.

26    23.    Defendants, and each of them, were aware of Plaintiff's disability, as set forth

27   above, because Plaintiff informed Defendants of her disability and her limitations.

28   ///

Keshk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

5

PLAINTIFF'S COMPLAINT FOR DAMAGES

24. Defendants perceived and regarded Plaintiff as having a disability.

25. At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of her position with a reasonable accommodation for Plaintiff's disability. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability, have been a danger to Plaintiff's or any other person's health and/or safety, nor would it have created an undue hardship to the operation of Defendant's business.

26. Defendants terminated Plaintiff because of her disability and advanced age, among other unlawful reasons.

27. By engaging in the above-referenced acts and omissions, Defendant, and each of them, discriminated against Plaintiff because of her disability in violation of *Government Code* §§ 12940 *et seq.*

28. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

29. As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

30. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

31. The acts and conduct of Defendants, and each of them, including but not limited to Faust, Petersen, Kooji, Kornbluh and Tachdijian, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

///

///

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

6

01/25/2017

1    32.    The acts of Defendants, and each of them, were done fraudulently, maliciously and

2    oppressively and with the advance knowledge, conscious disregard, authorization, ratification or

3    act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers,

4    directors, or managing agents of the corporation.  The actions and conduct of Defendants, and

5    each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of

6    material facts known to Defendants, and each of them, with the intention on the Defendants' part

7    to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive

8    damages in an amount according to proof.

9    33.    Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

10

11                          **SECOND CAUSE OF ACTION**

12    **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA**

13                  **(Against Defendant and DOES 11-20, inclusive)**

14    34.    As a separate and distinct cause of action, Plaintiff complains and realleges all the

15    allegations contained in this Complaint, and incorporates them by reference into this cause of

16    action as though fully set forth herein, excepting those allegations which are inconsistent with this

17    cause of action

18    35.    Pursuant to California *Government Code* § 12940(n), Defendants, and each of

19    them, were required to engage with Plaintiff in a good faith interactive process to determine the

20    extent of her disability and how it could be reasonably accommodated.

21    36.    Plaintiff was at all times ready and willing to engage in the good faith interactive

22    mandated by California *Government Code* § 12940(n).  However, Defendants, and each of them,

23    failed to engage in said good faith interactive process with Plaintiff.

24    37.    Defendants, and each of them, terminated Plaintiff's employment as a direct result

25    of Defendants' failure to engage in any good faith interactive process, among other unlawful

26    reasons.

27    ///

28    ///

Kashfi, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

7

PLAINTIFF'S COMPLAINT FOR DAMAGES

38. By engaging in the above-referenced acts and omissions, Defendants, and each of them, discriminated against Plaintiff because of her disability in violation of *Government Code* §§ 12940 *et seq.*

39. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

40. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

41. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

42. The acts and conduct of Defendants, and each of them, including but not limited to Faust, Petersen, Kooji, Kornbluh and Tachdijian, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

43. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

44. Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

/ / /

/ / /

Keslik, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

8
PLAINTIFF'S COMPLAINT FOR DAMAGES

Doc# 1 Page# 8 - Doc ID = 1680014160 - Doc Type = OTHER

# THIRD CAUSE OF ACTION

## FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA

### (Against Defendant and DOES 21-30, inclusive)

45.    As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

46.    Pursuant to California *Government Code* §§ 12940(m) and 12945(c), Defendants, and each of them, were required to reasonably accommodate Plaintiff's disability. Instead of reasonably accommodating Plaintiff, Defendants terminated Plaintiff for no legitimate reason.

47.    Defendants, and each of them, terminated Plaintiff's employment as a direct result of Defendants' failure to accommodate Plaintiff's known disability, among other unlawful reasons.

48.    By engaging in the above-referenced acts and omissions, Defendants, and each of them, discriminated against Plaintiff because of her disability in violation of *Government Code* §§ 12940 *et seq.*

49.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in earnings and other employment benefits in an amount according to proof.

50.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including but not limited to, loss of sleep, anxiety, tension, depression, and humiliation.

51.    Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

52.    The acts and conduct of Defendants, and each of them, including but not limited to Faust, Petersen, Kooji, Kornbluh and Tachdijian, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

9

PLAINTIFF'S COMPLAINT FOR DAMAGES

01/25/2017

1 carried on by Defendants, and each of them, with a willful and conscious disregard of the rights

2 of Plaintiff.

3      53.    The acts of Defendants, and each of them, were done fraudulently, maliciously and

4 oppressively and with the advance knowledge, conscious disregard, authorization, ratification or

5 act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers,

6 directors, or managing agents of the corporation. The actions and conduct of Defendants, and

7 each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of

8 material facts known to Defendants, and each of them, with the intention on the Defendants' part

9 to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive

10 damages in an amount according to proof.

11      54.    Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

12

13 

**FOURTH CAUSE OF ACTION**

14 **FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT**

15 **DISCRIMINATION AND RETALIATION VIOLATION OF FEHA**

16 **(Against Defendant and DOES 31-40, inclusive)**

17      55.    As a separate and distinct cause of action, Plaintiff complains and realleges all the

18 allegations contained in this Complaint, and incorporates them by reference into this cause of

19 action as though fully set forth herein, excepting those allegations which are inconsistent with this

20 cause of action.

21      56.    At all times mentioned in this Complaint, the California Fair Employment and

22 Housing Act ("FEHA"), *Government Code* §§ 12940 *et seq.*, was in full force and effect and was

23 binding on Defendants, and each of them. These sections required Defendants, and each of them,

24 to take all reasonable steps to maintain a workplace environment free from unlawful

25 discrimination and retaliation.

26      57.    Defendants, and each of them, embarked on a campaign of discrimination and

27 retaliation against Plaintiff because of her age, disability, perceptions regarding her disability and,

28 because she requested reasonable accommodation and protected leave and took protected leave

PLAINTIFF'S COMPLAINT FOR DAMAGES

Kesluk, Silverstein & Jaech, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

*(margin)* 01/25/2017

1   by retaliating against and wrongfully terminating Plaintiff, notwithstanding the fact that Plaintiff

2   was able to do her job.

3       58.     By engaging in the above-referenced acts and omissions, Defendants, and each

4   of them, failed to take all reasonable steps maintain a workplace environment free from unlawful

5   discrimination and retaliation in violation of *Government Code* §§ 12940 *et seq.*

6       59.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and

7   continues to sustain economic damages in earnings and other employment benefits in an amount

8   according to proof.

9       60.     As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and

10  continues to sustain non-economic damages and emotional distress, including but not limited to,

11  loss of sleep, anxiety, tension, depression, and humiliation.

12      61.     Plaintiff has sustained general and special damages within the jurisdictional limits

13  of this Court.

14      62.     The acts and conduct of Defendants, and each of them, including but not limited to

15  Faust, Petersen, Kooji, Kornbluh and Tachdijian, constituted "malice," "oppression" and/or

16  "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by

17  Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was

18  carried on by Defendants, and each of them, with a willful and conscious disregard of the rights

19  of Plaintiff.

20      63.     The acts of Defendants, and each of them, were done fraudulently, maliciously and

21  oppressively and with the advance knowledge, conscious disregard, authorization, ratification or

22  act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers,

23  directors, or managing agents of the corporation. The actions and conduct of Defendants, and

24  each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of

25  material facts known to Defendants, and each of them, with the intention on the Defendants' part

26  to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive

27  damages in an amount according to proof.

28  ///

Keshk, Silberstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

11

PLAINTIFF'S COMPLAINT FOR DAMAGES

1    64.    Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

2

3                         FIFTH CAUSE OF ACTION

4                    RETALIATION IN VIOLATION OF FEHA

5            (Against Defendants, and Each of Them, and DOES 41-50)

6    65.    As a separate and distinct cause of action, Plaintiff complains and realleges all the

7    allegations contained in this Complaint, and incorporates them by reference into this cause of

8    action as though fully set forth herein, excepting those allegations which are inconsistent with this

9    cause of action.

10   66.    Each Defendant, including their agents, employees and representatives, are subject

11   to suit under Sections 12940, *et seq.*, of the California Fair Employment and Housing Act

12   ("FEHA").

13   67.    Plaintiff took part in the protected activities of requesting accommodation and

14   taking protected leave as herein alleged and complaining about unfair treatment and

15   discrimination.

16   68.    In retaliation therefore, Defendants terminated Plaintiff's employment.

17   69.    In engaging in the aforementioned conduct, each Defendant aided, abetted, incited,

18   compelled and/or coerced unlawful employment practices in violation of well-known policies of

19   this State against such practices.  Specifically, each Defendant violated Sections 12940(h) and

20   12945 of the FEHA.

21   70.    As a direct and proximate result of the conduct of Defendants and its agents and

22   supervisors, Plaintiff has suffered general and special damages in a sum according to proof.

23   71.    As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and

24   continues to sustain non-economic damages and emotional distress, including but not limited to,

25   loss of sleep, anxiety, tension, depression, and humiliation.

26   ///

27   ///

28   ///

Kesluk, Silverstein & Jacob, P.A.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

PLAINTIFF'S COMPLAINT FOR DAMAGES

72.     The acts and conduct of Defendants, and each of them, including but not limited to Faust, Petersen, Kooji, Kornbluh and Tachdijian, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

73.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

74.     Plaintiff will also seek and is entitled to recover attorneys' fees in connection with this cause of action under *Government Code* § 12965.

## SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION VIOLATION OF PUBLIC POLICY

### (Against Defendant and DOES 51-60, inclusive)

79.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

80.     At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California *Government Code* § 12940 was to prohibit employers from harassing, discriminating and retaliating against any individual based on perceived and/or physical disability(s), or age and/or based upon exercise of rights under that

Kerlek, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

13

Doc# 1 Page# 13 - Doc ID = 1680014160 - Doc Type = OTHER

1  section. This public policy of the State of California is designed to protect all employees and to

2  promote the welfare and well-being of the community at large. Accordingly, the actions of

3  Defendants, and each of them, in discriminating, retaliating and terminating Plaintiff on the

4  grounds stated above, or for complaining about such discrimination and retaliation, was wrongful

5  and in contravention and violation of the express public policy of the State of California, to wit,

6  the policy set forth in California *Government Code* §§ 12940 *et seq.*, and the laws and regulations

7  promulgated thereunder.

8        81.      At all times herein mentioned, the public policy of the State of California, as

9  codified, expressed and mandated in California *Government Code* § 12945.2, was to prohibit

10  employers from discriminating and retaliating against any individual based on their taking,

11  requesting or needing accommodation. This public policy of the State of California is designed to

12  protect all employees and to promote the welfare and well-being of the community at large.

13        82.      Accordingly, the actions of Defendants, and each of them, in discriminating,

14  retaliating and terminating Plaintiff on the grounds stated above, or for complaining about such

15  discrimination and retaliation, was wrongful and in contravention and violation of the express

16  public policy of the State of California, to wit, the policy set forth in California *Government Code*

17  §§ 12945.2, *et seq.*, and the laws and regulations promulgated there under.

18        83.      Defendant's discharge of Plaintiff violated the aforementioned fundamental

19  principles of public policy, including the FEHA.

20        84.      As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and

21  continues to sustain economic damages in earnings and other employment benefits in an amount

22  according to proof.

23        85.      As a proximate result of Defendant's wrongful conduct, Plaintiff has sustained and

24  continues to sustain non-economic damages and emotional distress, including but not limited to,

25  loss of sleep, anxiety, tension, depression, and humiliation.

26        86.      Plaintiff has sustained general and special damages within the jurisdictional limits

27  of this Court.

28  ///

01/25/2017

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA. 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

14

PLAINTIFF'S COMPLAINT FOR DAMAGES

87. The acts and conduct of Defendants, and each of them, including but not limited to Faust, Petersen, Kooji, Kornbluh and Tachdijian, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

88. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For a declaratory judgment that the practices complained of herein are unlawful under California law for which claims are herein pleaded;

2. For economic damages according to proof;

3. For non-economic damages accord to proof;

4. For reasonable attorneys' fees and costs, and other applicable statutes;

5. For pre-Judgment and post-judgment interest, as provided by law;

6. For declaratory and/or injunctive relief, including but not limited to reinstatement;

7. For an award of exemplary and punitive damages according to proof; and

///

///

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6177

15

PLAINTIFF'S COMPLAINT FOR DAMAGES

01/25/2017

Doc# 1 Page# 15 - Doc ID = 1680014160 - Doc Type = OTHER

8.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

DATED: JANUARY 25, 2017            KESLUK, SILVERSTEIN & JACOB, P.C.

By _____
Douglas N. Silverstein, Esq.
Michael G. Jacob, Esq.
Attorneys for Plaintiff CAROLYN SZYMAN

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

DATED: JANUARY 25, 2017            KESLUK, SILVERSTEIN & JACOB, P.C.

By _____
Douglas N. Silverstein, Esq.
Michael G. Jacob, Esq.
Attorneys for Plaintiff CAROLYN SZYMAN

PLAINTIFF'S COMPLAINT FOR DAMAGES

Kesluk, Silverstein & Jacob, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

01/25/2017

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Douglas N. Silverstein, Esq. (SBN 181957)
Michael G. Jacob, Esq. (SBN 229939)
KESLUK, SILVERSTEIN & JACOB, P.C.
9255 Sunset Boulevard, Suite 411
Los Angeles, California 90069
TELEPHONE NO.: (310) 273-3180     FAX NO.: (310) 273-6137
ATTORNEY FOR *(Name):* Plaintiff

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 2 5 2017

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Shaunya Bolden

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

CASE NAME: Carolyn Szyman vs. Chanel, Inc., et al.,

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER BC 647777 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Six
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 25, 2017
Michael G. Jacob, Esq.
_____ (TYPE OR PRINT NAME)     ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal Solutions Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |

BC 647777

| SHORT TITLE: Szyman v. Chanel, etc. et al., | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [x] YES CLASS ACTION? [ ] YES LIMITED CASE? [ ] YES TIME ESTIMATED FOR TRIAL 5-7 [ ] HOURS/ [x] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | [ ] A6070 Asbestos Property Damage<br>[ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons<br>[ ] A7240 Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | [ ] A7250 Premises Liability (e.g., slip and fall)<br>[ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>[ ] A7270 Intentional Infliction of Emotional Distress<br>[ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4
LA-CV109

| SHORT TITLE: Szyman v. Chanel, etc. et al., | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation     Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property(not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Doc# 1 Page# 19 - Doc ID = 1680014160 - Doc Type = OTHER

| SHORT TITLE: Szyman v. Chanel, etc. et al., | | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Szyman v. Chanel, etc. et al., | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 400 North Rodeo Drive |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Beverly Hills | Calif. | 90210 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Stanley Mosk__ courthouse in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: January 25, 2017

(SIGNATURE OF ATTORNEY/FILING PARTY)
Michael G. Jacob, Esq.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

01/25/2017

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

Doc# 1 Page# 21 - Doc ID = 1680014160 - Doc Type = OTHER